UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 811

------------------------------------------------------------X
ERIC MCNAIR

                    Plaintiff,

-against-

CITY OF NEW YORK, SGT. BRIAN HOBAN, DET. JASON MILETIC and POLICE OFFICERS JOHN DOE #1-10,

                    Defendants.
------------------------------------------------------------X

Index No.:

COMPLAINT AND JURY DEMAND

RECEIVED FEB -5 2013 U.S.D.C. S.D.N.Y. CASHIERS

## INTRODUCTORY STATEMENT

1.    The plaintiff, ERIC MCNAIR, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2.    Defendants, CITY OF NEW YORK, SGT. BRIAN HOBAN, DET. JASON MILETIC and POLICE OFFICERS JOHN DOE #1-10 being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3.    The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4.    The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5.    Prior to commencement of this action and within 90 days of occurrence herein, on October 12, 2012, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on December 5, 2012, with regard to the aforementioned Notice of Claim and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiff is a resident of the County of NEW YORK, City and State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants SGT. BRIAN HOBAN, DET. JASON MILETIC, and POLICE OFFICERS JOHN DOE #1-10, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about March 14, 2012, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. The plaintiff ERIC MCNAIR was not guilty of any criminal acts.

13. On March 14, 2012, plaintiff ERIC MCNAIR was asleep inside of his apartment located at 503 W. 133rd street, Apt 18, New York, NY 10027, when he awoken by a loud banging on his apartment door.

14. The plaintiff, heard someone yelling outside his apartment door that there was a gas leak inside of the building. As a result, the plaintiff got out of bed and when to open his door.

15. When the plaintiff opened his apartment door, defendants POLICE OFFICERS JOHN DOES # 1-10 were in standing in front of his door, and without warning, the plaintiff was grabbed, pulled out of his apartment, and slammed up against a wall in the hallway.

16. Without any explanation, the plaintiff was then handcuffed, escorted outside of the building in placed inside of a New York City Police van.

17. When the plaintiff was escorted outside of the building, he was dressed only boxers and socks.

18. Once outside, a police officer asked the plaintiff if he had any dangerous items inside of his apartment. He informed the officer that he did not.

19. Defendants then proceeded to search the plaintiff's apartment and in the process removed his dog, a full breed Shih Tzu, and a custom made computer that he designed and constructed. The defendants lost or stole the plaintiff's dog and his computer was never returned.

20. Plaintiff was never shown a warrant or given and explanation as to why he was forcibly removed from his apartment and why his apartment was searched.

21. Plaintiff was transported to the 30th Precinct located at 451 W. 151st Street, New York, NY 10031.

22. Once at the precinct, he was questioned by defendants DET. JASON MILETIC and SGT. BRIAN HOBAN, fingerprinted and photographed.

23. When the plaintiff asked why he was being held, he was told that he threatened someone. The plaintiff was never told the name of this alleged victim nor any of the circumstances surrounding this alleged incident.

24. The plaintiff was then transported from the precinct to central booking where he was arraigned under docket number 2012NY021321 and charged with Obstruction of Governmental Administration.

25. The plaintiff was held on five thousand dollars ($5,000.00) bail until his release on his own recognizance on March 21, 2012.

26. Thereafter the plaintiff was maliciously prosecuted until the criminal case was ultimately dismissed on August 23, 2012.

### AS AND FOR A FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

27. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, and to be free from excessive force.

29. As a result of the aforesaid violation of plaintiff's rights, the plaintiff sustained injuries and damages previously described in this complaint.

30. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION-
## NEGLIGENCE

31. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

33. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

34. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION –
## NEGLIGENT RETENTION AND NEGLIGENT HIRING

35. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

37. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

38. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION –
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. The actions of the defendants in arresting and prosecuting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

41. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

42. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

### AS AND FOR A FIFTH CAUSE OF ACTION –
### FALSE ARREST AND FALSE IMPRISONMENT

43. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

45. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

46. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

47. As a result of the foregoing, plaintiff seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION – MALICIOUS PROSECUTION

48. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. There are and were no grounds, legitimate cause or justification upon which to prosecute the Plaintiff, and said prosecution of the plaintiff was intentional, malicious, reckless and in bad faith.

50. As a result of the aforesaid, Plaintiff ERIC MCNAIR sustained the injuries and damages previously described in this complaint.

51. As a result of the foregoing, Plaintiff ERIC MCNAIR seeks compensatory damages in an amount that exceeds the minimal jurisdiction of this court for all defendants.

WHEREFORE, plaintiff demands damages in an amount which exceeds the minimal jurisdiction amount of the lower courts from all defendants in each of the First through Sixth cause of action along with punitive damages and attorney fees together with the costs and disbursements of this action.

Dated: New York, New York
February 4, 2013

_____
Michael B. Ronemus
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070